## THOMPSON v. ABBOTT & Co.

1. AFFIDAVIT FOR CONTINUANCE. An affidavit in support of a motion for

a continuance upon the ground of absent witnesses, should show that there are no other witnesses by whom the facts stated can be proved.

2. ONUS PROBANDI: EXECUTION OF NOTE. In an action on a promissory note which purports to be signed by an agent for the principal, the burden of showing that the agent was not authorized to execute the note for the maker can be imposed upon the plaintiff only by a denial of the execution of the note under *oath*.

### *Appeal from Lee District Court.*

### FRIDAY, OCTOBER 12.

THIS action was brought upon several promissory notes signed as follows: "R. H. Abbott & Co. per Wm. Sullivan." The answer, not sworn to, denies that defendants or either of them, "executed said notes, or authorized Wm. Sullivan to execute them or either of them." A motion for a continuance, based upon certain affidavits, was overruled. On the trial, plaintiff offered the notes in evidence, and rested his case. Defendants then moved for a non-suit, substantially because the execution of the said notes had not been proved. This motion was overruled and judgment rendered for plaintiff.

*J. Scott Howell* for the appellants.

*Rankin, Miller & Enster* for the appellee.

WRIGHT, J.—I. The affidavits for a continuance were defective in not showing that there were no other witnesses by whom the facts stated could be proved.

II. The plaintiff was not bound to prove the execution of the notes until the same was denied *under oath*. (Acts 1853, chapter 108, section 1.) It will be observed that the language of the law is that the *execution*, not the *signature*, shall be denied under oath. And this sworn denial, a defendant can as well, and is as much bound, to make, when the note purports to be signed by an agent or another for the party sought to be charged, as when made by the party in person. The question, as to what proof is necessary to establish the

agency of a person who professes to act for another, does not in our opinion arise in this case.    If the execution of the notes had been denied under oath, the inquiry might have become pertinent.

III. Appellees admit that the judgment is excessive, and remit all but the sum of $1544,33, for which sum, with inter-est from the time of the judgment in the court below, judg-ment will be rendered in this court, appellee paying the costs of the appeal.